# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RALPH THOMAS, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 2:11-cv-187-JMS-WGH | |
| ) | | |
| UNITED STATES OF AMERICA, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## Entry Directing Further Proceedings

This action was transferred to this court from the United States District Court for the District of Columbia. As discussed in the Memorandum Opinion issued on April 29, 2011, what remains of this action is claim for equitable relief. Judge Kollar-Kotelly explained, "Plaintiff does not state what type of injunctive relief is sought, but it is presumed that he seeks to compel prison officials at FCC Terre Haute to provide adequate medical treatment for his chronic ailments." See dkt 31 at p. 5.

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

Under Fed.R.Civ.P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving dismissal for failure to state a claim in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), *Erickson v. Pardus,* 551 U.S. 89 (2007) (per curiam), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). A complaint does not meet the pleading standard if it contains merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal,* 129 S. Ct. at 1949 (*quoting Bell Atlantic,* 550 U.S. at 555). Instead, to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S. Ct. at 1949 (*quoting Bell Atlantic,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (*citing Bell Atlantic,* 550 U.S. at 556). That plausibility is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008); *see also Jones v. Bock,* 127 S. Ct. 910, 921 (2007)(AA complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief.").

While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

The plaintiff's claim is deficient at this point because the court and defendants are left to speculate regarding what medical treatment the plaintiff seeks and what his "obvious" symptoms requiring treatment might include. Additionally, it must be considered whether the defendants he has named—a choice he has made—can be sued and could provide the relief he seeks. See generally, *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005)("Pro se litigants are masters of their own complaints and may choose who to sue-or not to sue."); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999) (the court may not rewrite a petition to include claims that were not presented).

The complaint at present fails to state a claim upon which relief could be granted and is subject to dismissal pursuant to Rule 8(a)(2) and 28 U.S.C. § 1915A(b).

The plaintiff shall have through April 18, 2012, in which to file an amended complaint in which he (1) asserts only the claim or claims for which he seeks injunctive relief, (2) identifies the injunctive relief he seeks, (3) presents a plausible claim for relief, and (4) explains how each of the defendants could be liable to him for the relief he seeks.

Proceedings are stayed until the plaintiff files the amended complaint directed above and until the court assesses that pleading to determine what further order should issue. If an amended complaint is not filed as directed above the action may be dismissed for failure to prosecute without further notice to the parties.

**IT IS SO ORDERED.**

Date: 03/20/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Ralph Thomas
R18369-001
Terre Haute U.S.P
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808


All Electronically Registered Counsel