UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RALPH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-187-JMS-WGH |
| | ) | |
| HARRELL WATTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Temporary Restraining Order
and Preliminary Injunction**

**I.**

On February 5, 2013, the plaintiff filed a document entitled "Motion to Amend the Complaint." The title of this document did not reflect the obvious purpose of the filing which was to seek permission to file the Motion for Temporary Restraining Order and Preliminary Injunction attached to that document. On February 8, 2013, the Court granted the limited relief actually sought in plaintiff's motion, and the clerk was directed to re-docket the attachment. Nothing in the February 8, 2013, Entry was intended to expand the scope of the operative complaint filed on April 19, 2012. In addition, given the age of this case, further amendments to the complaint are not anticipated. To be clear, the April 19, 2012, Amended Complaint alleges an Eighth Amendment claim of deliberate indifference against defendants Dr. W. Wilson, A. Ndife, and Harrell Watts in their individual capacities pursuant to the theory recognized *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Thomas seeks injunctive relief ordering medication, treatment and evaluation by an independent doctor for his disabling pain and severe muscle cramps. Thomas specifically states that his severe muscle cramp condition is the only issue before the court. Dkt. 51 at 3.

**II.**

The pending motion for a temporary restraining order and preliminary injunction alleges the following: For thirty years the plaintiff has suffered from acute gout attacks. These attacks were treated with good results until about one year ago when health services and Dr. Paul Harvey decided to discontinue the

plaintiff's use of the medication Colchicine; even though it was effective to clear up the plaintiff's gout attacks. The existing defendants have filed a lengthy response, detailing a different version of events that for the following reasons need not be restated here.

The plaintiff's motion for a temporary restraining order and preliminary injunction [71] must be **denied** because the relief sought is outside the scope of this civil action. The motion for preliminary injunction improperly raises new claims against Dr. Harvey who is not a defendant in this action, and improperly asserts claims based on events occurring after the commencement of this law suit. *See United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998) (explaining that district court may not enjoin non-parties except as provided in Rule 65(d)).

Nothing in this Entry should be understood to prohibit the plaintiff from initiating a new civil action regarding the claims raised in his motion for temporary restraining order and preliminary injunction.

**IT IS SO ORDERED.**

Date: 04/02/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RALPH THOMAS
R18369-001
TERRE HAUTE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel