UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RALPH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:11-cv-187-JMS-WGH |
| | ) | |
| HARRELL WATTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Defendants' Motion to Dismiss**

The defendants' motion to dismiss [dkt. 72] must be **granted.** For the reasons explained in this Entry, the Court agrees with the defendants that the nature of the injunctive relief requested in this action requires that if this case is to move forward it can only do so against defendant Dr. William E. Wilson, M.D., in his official capacity.[1]

**Background**

The relevant procedural history is set forth below because it illustrates the plaintiff's difficulty over the course of three years to allege a viable claim for injunctive relief against any defendant pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

---

[1] The Court identified Dr. William E. Wilson as the defendant most likely to obtain the injunctive relief sought by the plaintiff given his alleged position as Chief Medical Doctor at the United States Penitentiary in Terre Haute, Indiana. The Court reaffirms its ruling that Dr. Wilson, in his official capacity, is the appropriate defendant in this action. Given the nature of an official capacity claim, Dr. Wilson is invited to seek substitution of another individual in his or her official capacity if appropriate.

This case was filed on December 8, 2009, by *pro se* plaintiff Ralph Thomas, an inmate at the United States Penitentiary in Terre Haute, Indiana, in the United States District Court for the District of Columbia. The defendants, the United States of America, Federal Bureau of Prisons ("BOP"), and the BOP's Administrator of the National Inmate Appeals, Harrell Watts ("Watts"), filed a motion to dismiss on October 28, 2010. On April 29, 2011, Judge Kollar-Kotelly granted the motion to dismiss the plaintiff's claims for money damages. On June 30, 2011, Judge Kollar-Kotelly ordered the transfer of the remaining claims for injunctive and declaratory relief to this Court. She explained, "Plaintiff does not state what type of injunctive relief is sought, but it is presumed that he seeks to compel prison officials at FCC Terre Haute to provide adequate medical treatment for his chronic ailments." Dkt. 31 at p. 5.

The action was transferred and opened on this Court's docket on July 22, 2011. Dkt. 37. Following transfer, Thomas was provided multiple opportunities to amend and supplement his complaint to allege a viable Eighth Amendment claim for injunctive relief.[2] On October 26, 2011, Thomas was directed to provide a plain statement of his claim for equitable relief. Thomas failed to comply with the Entry of October 26, 2011, and on December 2, 2011, he was given additional time to do so. Thomas responded (see Dkt. 45), but again his response was found deficient. The Court stated:

> The plaintiff's claim is deficient at this point because the court and defendants are left to speculate regarding what medical treatment the plaintiff seeks and what his "obvious" symptoms requiring treatment might include. Additionally, it must be considered whether the defendants he has named—a choice he has made—can be sued and could provide the relief he seeks. *See generally, Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005)("Pro se litigants are masters of their own complaints and may choose who to sue-or not to

---

[2] Given the fact that this case had been pending for more than 18-months prior to its arrival in this Court, Thomas was not invited to expand the scope of his claims beyond those for injunctive relief.

sue."); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999) (the court may not rewrite a petition to include claims that were not presented).

Entry of March 20, 2012, [Dkt. 49.] Thomas was provided yet another opportunity to state a claim upon which relief may be granted by filing an amended complaint that asserts his claim for injunctive relief, identifies the injunctive relief sought and states the basis upon which each of the defendants could be liable to him for the relief he seeks.

On April 19, 2012, the plaintiff filed an amended complaint. [Dkt. 51.] In the amended complaint Thomas seeks injunctive relief from prison medical providers for the treatment of disabling pain and severe muscle cramps he has experienced throughout his body from August 2007 to the present. [Dkt. 51 at 3-4.] Thomas specifically asserts that the condition of severe muscle cramps is the only issue before the Court. [*Id.* at 3.] Thomas alleges that defendants Watts and Ndife are liable because they intentionally reported in response to administrative remedies that Thomas received medical care when he did not. The only allegation against Dr. W. Wilson is that he is the Chief Medical Doctor, Dkt. 50. From this allegation, the Court inferred that Dr. Wilson had the authority to obtain medical care for Thomas. In the Court's October 3, 2012, screening the amended complaint pursuant to 28 U.S.C. § 1915A(b), the Court stated:

> The plaintiff seeks injunctive relief ordering Bureau of Prison medical providers to provide treatment for his disabling pain related to severe muscle cramps throughout his body. The plaintiff names a variety of medical providers in the complaint explaining how their responses to his requests and grievances were inadequate and in violation of the Eighth Amendment. The plaintiff specifically seeks to add individual defendants to this action, including Dr. W. Wilson, (described by the plaintiff as the Chief Medical Director) and Mr. A. Ndife (who allegedly represented that plaintiff received treatment for his muscle cramps when he had not). See dkt. 50.

In screening the amended complaint, the Court held that Dr. W. Wilson, Mr. A. Ndife, and Harrell Watts appeared to be appropriate defendants from which the plaintiff could obtain the injunctive relief he seeks pursuant to the theory recognized in *Bivens*.

The individual defendants, Wilson, Ndife and Watts responded to the amended complaint by filing a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. In response to the motion to dismiss, Thomas restates that 1) his Eighth Amendment rights have been violated; 2) the BOP is responsible for providing him with medical care; and 3) his claim is brought pursuant to the theory recognized in *Bivens*. Thomas further articulates that his claims are brought against Ndife and Watts who signed administrative remedy responses stating that medication and treatment was supplied, when it was not. For the reasons explained in the Entry of March 13, 2013, the **motion to dismiss claims against Ndife and Watts was granted.** Dkt. 76.

The foregoing procedural history brings the case to the present. What remains of Thomas's lawsuit initiated in the District of Columbia on December 8, 2009, is a single claim for injunctive relief against Dr. Wilson, pursuant to the theory recognized in *Bivens*.

## Discussion

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is sufficient if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir. 2010). On the other hand, a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823 (7th Cir. 2011).

Thomas's claims are based upon the protections of the Eighth Amendment. The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). In order for an inmate to state a claim under the theory

recognized in *Bivens* for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)(construing *Estelle*). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (citation and internal quotations omitted). In order to state a valid claim, there must be a finding of personal participation of a defendant in the asserted constitutional deprivation. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

Dr. Wilson does not dispute that equitable relief, including injunctive relief, may be available in the context of a *Bivens* case. Instead, he argues that the complaint is deficient because Thomas has failed to provide sufficient factual allegations to state a plausible claim that Dr. Wilson was or is deliberately indifferent to his serious medical needs. Without such allegations, Thomas is not entitled to relief.[3]

Dr. Wilson's argument is persuasive. Thomas has not alleged a plausible claim against Dr. Wilson. The amended complaint does not allege any wrongdoing on his part. The only allegation against Dr. Wilson is that he is the Chief Medical Doctor. Dkt. 50. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is

---

[3] Dr. Wilson also argues that the injunctive relief sought is not obtainable from him in his individual capacity. To state a claim upon which relief may be granted, the relief sought must necessarily be available from the named defendant.

silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft,* 556 U.S. at 676.

**For these reasons, the claim against Dr. Wilson in his individual capacity is dismissed. Instead, the claim for injunctive relief shall be understood to be brought against Dr. Wilson in his official capacity.** The **clerk is directed** to amend the docket accordingly.

Finding that the claim for injunctive relief may proceed against Dr. Wilson in his official capacity would appear to contradict the Entry of October 3, 2012. Dkt. 56. In that Entry the Court screened the amended complaint and found that the claim for injunctive relief as a remedy for a *Bivens* claim was necessarily against the defendants in their individual capacities only because any claim against the defendants in their official capacities is barred by the United States' sovereign immunity. This statement of the law is correct. The United States—which includes an employee of the United States sued in his or her official capacity—is not a proper defendant in a *Bivens* action. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) ("A *Bivens* action may not be brought against the United States or a federal agency."); *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) ("[F]ederal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only."); *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002) ("There is, however, a more fundamental problem: *Bivens* claims are brought against the relevant officials in

their individual capacity, and Bunn's suit against the warden is plainly an official capacity action.").

Misplaced, however, was the Court's assumption that this action for injunctive relief to redress allegedly on-going unconstitutional medical treatment could be understood as an action brought pursuant to the theory recognized in *Bivens*. "[T]he decision in *Bivens* established that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). As discussed above, the plaintiff's claims for money damages have been dismissed. All that remains is a claim for injunctive relief. Such relief was available before *Bivens*. Justice Harlan recognized "the presumed availability of federal equitable relief, if a proper showing can be made in terms of the ordinary principles governing equitable remedies." *Bivens*, 403 U.S. at 400 (J. Harlan, concurring) (*citing Bell v. Hood*, 327 U.S. 678, 684 (1946) (which states, ". . . where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit." *Id.* at 681-682)).

It does not appear that the plaintiff's claim for injunctive relief to remedy an alleged on-going constitutional violation is barred by sovereign immunity, although, "'(t)he extent to which sovereign immunity may bar an action against a federal officer for acts done in his or her official capacity is an extraordinarily difficult question. . .'" *Clark v. U.S.*, 691 F.2d 837, 839 (7th Cir. 1982) (quoting C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure s 3655, at 177 (1976)). The Seventh Circuit has recognized that not all suits against federal officials for injunctive relief are deemed suits against the United States for sovereign immunity purposes. *See Clark*, 691 F.2d at 839 (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682

(1949)). Under *Ex parte Young*, 209 U.S. 123, 159-60 (1908), a plaintiff may file "suit[ ] against state officials seeking prospective equitable relief for ongoing violations of federal law. . . ." *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). *See also Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.,* 603 F.3d 365, 370-72 (7th Cir. 2010) (J. Hamilton) (discussing exceptions to the Eleventh Amendment's bar against actions in federal court against state officials acting in their official capacities); *Gautreaux v. Romney*, 488 F.3d 731, 735 (7th Cir. 1971) (holding that the doctrine of sovereign immunity "does not bar a suit such as this which is challenging alleged unconstitutional and unauthorized conduct by a federal officer.").[4]

In addition, Congress amended the Administrative Procedure Act ("APA") to allow suits for injunctive relief to be brought against the United States.[5] Title 5, United States Code, Section 702 "waives the federal government's sovereign immunity from actions seeking judicial review of federal administrative decisions, provided the action is not one for 'money damages.'" *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1438 (7th Cir. 1996). "'The APA's waiver of

---

[4] In *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1085 (9th Cir. 2010), the Ninth Circuit called into question whether prospective relief against federal officials is available under the fiction of *Ex parte Young* following the passing of § 702 of the Administrative Procedure Act, 5 U.S.C. § 702.

[5] Section 702 provides:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.

5 U.S.C. § 702.

sovereign immunity applies to any suit whether under the APA or not.'" *Magee v. Housing Authority of South Bend*, 2010 WL 3000660, *5-6 (N.D. Ind. 2010) (quoting *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996)); *see also Blagojevich v. Gates*, 519 F.3d 370, 372 (7th Cir. 2008) (stating that "§ 702 does not say that it covers only claims reviewable through the APA. In *Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), the Supreme Court treated § 702 as generally applicable.").

The finding that this action for injunctive relief may proceed against Dr. Wilson in his official capacity is consistent with dicta in *Vance v. Rumsfeld*, 701 F.3d 193, 228-229 (7th Cir. 2012) stating that injunctive relief against illegal conduct by the federal government is available under established doctrine and that the judiciary retains the power to enjoin an unconstitutional practice of unlawful deprivation of rights. *Id.* ("Injunctions that enforce the Detainee Treatment Act prospectively may be possible under the doctrine of *Ex parte Young* . . . or the waiver of sovereign immunity in 5 U.S.C. § 702.").[6]

## Conclusion

Thomas has failed to state a claim upon which the relief sought may be granted against any defendant in his or her individual capacity. Accordingly, the **motion to dismiss [dkt. 72] is granted** and the **motion to reconsider the dismissal of Harrell Watts [dkt. 83] is denied.**

---

[6] This Court is bound to follow informed, as opposed to casual, statements by the Seventh Circuit as a considered expression of the issues before it. *See United States v. Bloom*, 149 F.3d 649, 652-53 (7th Cir. 1998) ("The question had been briefed by the parties, so the statement was informed rather than casual; it is a considered expression by the Court . . . . It would ill serve the interests of litigants and the judicial system as a whole to row against the tide of such statements.") (citations omitted). *See also Rock v. NCAA*, 2013 U.S. Dist. LEXIS 29034, 12-13 (S.D. Ind. Mar. 1, 2013).

The **clerk is directed** to update the docket to reflect that the claim against Dr. Wilson is in his official capacity only. Directions regarding the further development of this action for injunctive relief shall be issued in a separate order.

**IT IS SO ORDERED.**

Date: 06/17/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.

RALPH THOMAS
R18369-001
TERRE HAUTE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel